842 F.2d 1292
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Debra STAFFORD; Eddie L. Stafford, Plaintiffs-Appellants,
v.
DOSCHER SUPERMARKETS, INC., a/k/a Doscher's Food Stores,
formerly known as Doscher's Red & White, Defendant-Appellee.
 No. 87-1148.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 2, 1988.
Decided March 14, 1988.
 
 Jennings C. McKelvey, Jr.; Kathryn Cown Almengual; Jennings McKelvey, P.A., on brief, for appellants.
 Stephen E. Darling; Thomas C. Hildebrand, Jr.; Sinkler & Boyd, P.A., on brief, for appellee.
 Before HARRISON L. WINTER, Chief Judge, and CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Debra and Eddie L. Stafford appeal the district court's dismissal of their companion cases against Doscher Supermarkets, Inc. (Doscher) for insufficiency of service of process, which rendered the actions time barred. We affirm.
 
 
 2
 Mrs. Stafford was allegedly injured June 30, 1980 in a fall at Doscher Supermarket in Charleston, South Carolina. Within six months the Staffords, citizens of West Virginia, retained an attorney from their home state to represent them. However, it was not until June 1986 that they retained a member of the South Carolina Bar as local counsel. This attorney then prepared Mrs. Stafford's complaint for negligence and Mr. Stafford's complaint for loss of consortium and filed them on June 26, 1986. Although summonses also were issued on that day, only the complaints, without summonses, were served on Doscher prior to the expiration of the state statute of limitations on June 30, 1986.
 
 
 3
 After Doscher moved to quash service and dismiss the complaints on July 17, 1986, the Staffords attempted to serve the summonses on August 14, 1986. When Doscher again moved to quash and dismiss on August 29, 1986, the Staffords filed a motion to amend the original process on November 12, 1986. The district court denied the motion to amend and dismissed the actions.
 
 
 4
 The Staffords contend that the filing and service of the complaints tolled the statute of limitations pursuant to Federal Rule of Civil Procedure 3, which provides that a civil action is commenced by the filing of the complaint. However, Rule 3 of the South Carolina Rules of Civil Procedure requires that a civil action be commenced "by filing and service of a summons and complaint." And as the Supreme Court has clearly stated, in diversity actions the federal rule "governs the date from which various timing requirements of the Federal Rules begin to run, but does not affect state statutes of limitations." Walker v. Armco Steel Corp., 446 U.S. 740, 751 (1980).
 
 
 5
 The Staffords also argue that the district court erred in denying their motions to amend service of process pursuant to Federal Rule of Civil Procedure 4(h). This motion was made more than four months after the original complaints were delivered to Doscher and almost four months after Doscher first moved to quash service and dismiss the complaints. Attempted service on August 14, 1986 occurred without the court's permission. The Staffords did not seek leave to amend until two and one-half months after Doscher's second motion to quash and dismiss. This request was well beyond the time requirement provided in Federal Rule of Civil Procedure 4(j), which mandates that service be completed within 120 days after the complaint is filed. The denial of the Staffords' motion to amend was clearly within the discretion of the court and will not be disturbed. Byrd v. Pawlick, 362 F.2d 390, 393 (4th Cir.1966).
 
 
 6
 AFFIRMED.